SARAH C. BARBER v. THE SAGINAW UNION STREET
RAILWAY.

*Injunction—Appeal.*

In this case the decree appealed from is held to have afforded com
plainant all of the relief she was entitled to, and is affirmed.

Appeal from Saginaw. (Edget, J.) Argued October
22, 1890. Decided November 21, 1890.

Bill to enjoin the construction of appliances for the
use of electricity in the operation of a street railroad in
front of complainant's premises, and to enjoin the use
of electricity for the operation of said road. Complain-
ant appeals from a decree enjoining the erection of poles
in front of her premises without her consent, which decree
is affirmed, with costs to defendant. The facts are stated
in the opinion, and in *Potter v. Street Railway, ante,* 285.

*Hanchett, Stark & Hanchett* and *Marston, Cowles &
Jerome (D. P. Foote,* of counsel), for complainant.

*L. T. Durand (O. F. Wisner,* of counsel), for defend-
ant.

[See case of *Potter v. Street Railway, ante,* 285, for
points and authorities of counsel.—REPORTER.]

CHAMPLIN, C. J. The facts in this case differ from
those in *Potter v. Street Ry., ante,* 285 in this: The lot
owned by Mrs. Barber is located at the north-easterly
corner of Washington and Jefferson streets. The defend-
ant's track is laid along Jefferson street, and, as it ap-
proaches Washington street from a westerly direction, it
curves to the south, and proceeds along Washington street.

The track is laid in the center of the street; and, assuming that complainant's rights extend to the center of the streets upon which she adjoins, the defendant's track nowhere comes within 10 feet of complainant's premises, if they extended to the center of the street. Defendant's trolley wire is over the center of the track, and curves with it. When the bill was filed, a sustaining wire extended from the trolley wire at the curve, and was attached to a pole standing between the sidewalk and the paved portion of the street in front of her lot. This pole was stayed with a wire running from the pole to a guy-post set in the ground in front of her lot. Defendant, in its answer, made an offer to remove each of them, and to maintain no poles upon or over her lot afterwards, without her consent. The court below, by reason of this offer, directed compliance with it, and the poles and wire were accordingly removed. It appears from the testimony of Dr. Barber, the complainant's husband, that since such removal the complainant has no cause for complaint.

Upon the hearing in the court below, the following decree was entered, viz.:

"It appearing to the court that, since the order was made in this cause for the issue of the preliminary writ of injunction, the post, pole, metallic rope, and wire described in the bill of complaint in said cause, erected by the defendant for operating its cars and street railroad by means of electricity, in front of the complainant's premises, described as 'lot 1, in block 28, north of Cass street, in the city of Saginaw,' in said bill of complaint, have been removed, as directed in said order: It is ordered, adjudged, and decreed that the said defendant be, and it is hereby, perpetually enjoined and restrained from at any time hereafter erecting, within the street limits on and in front of the complainant's said premises on Washington street, in said city, any poles, posts, or wires, for operating its cars or railroad by means of electricity, without the complainant's consent therefor first obtained.

"It is further ordered, adjudged, and decreed that the complainant recover of the defendant her costs of this suit to be taxed as heretofore ordered; that the defendant pay such costs to the complainant; and that she have execution therefor out of and under the seal of said court."

This decree afforded the complainant all the relief she was entitled to, and the decree appealed from by her is affirmed, with the costs of this Court against the complainant.

MORSE, CAHILL, and GRANT, JJ., concurred. LONG, J., did not sit.